UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMMY H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5590-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by (1) failing to properly determine Plaintiff's severe impairments at step two; (2) failing to find Plaintiff had an impairment or impairments that met a listing in 20 C.F.R. 404, Subpart P, Appendix 1 at step three; (3) failing to properly assess Plaintiff's residual functional capacity ("RFC"); and (4) finding Plaintiff could perform jobs that exist in significant numbers in the national economy at step five. (Dkt. # 13 at 1-2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES this case with prejudice.

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1964, has at least a high school education, and has no past relevant work. AR at 22. On January 26, 2018, Plaintiff applied for benefits, alleging disability as of January 1, 2012. *Id.* at 13, 258-69. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 120-47, 169. After the ALJ conducted a hearing on November 5, 2019, he issued a decision finding Plaintiff not disabled. *Id.* at 13-22, 29-83.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since January 26, 2018, the application date.

Step two: Plaintiff has the following severe impairments: depression and personality disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Plaintiff can perform a full range of work at all exertional levels, but with nonexertional limitations. Plaintiff can understand, remember, and apply short and simple instructions. She can perform routine, predictable tasks, not in a fast-paced environment, while making only simple decisions. She can be exposed to only a few routine workplace changes, and have only occasional interaction with the general public.

Step four: Plaintiff has no past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 13-23.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's interpretation that must be upheld. *Id*.

### IV.  DISCUSSION

**A.  The ALJ Did Not Err in Evaluating Plaintiff's Impairments at Step Two**

Plaintiff contends the ALJ erred at step two by failing to find severe impairments of learning disorder, anxiety, and psychosis. (Dkt. # 13 at 3-9.) Plaintiff also contends the ALJ erred at step two because her "numerous physical limitations, ailments, and challenges, while not rising to the level of a listed disability on their own, they [sic] are debilitating and greatly impact

her residual functional capacity." (*Id.* at 9.) The ALJ found Plaintiff had severe impairments of depression and personality disorder. AR at 16.

The step-two analysis is a gatekeeping device used to screen out weak claims. *See Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)). At step two, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. § 416.920(a)(4)(ii). An impairment is medically determinable only when its existence can be shown through objective medical evidence such as laboratory findings and tests done using acceptable clinical diagnostic techniques. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing Social Security Ruling ("SSR") 96-4p, 1996 WL 374187, at *1 (July 2, 1996)). The impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921. "'[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings.'" *Ukolov*, 420 F.3d at 1005 (quoting SSR 96-4p, 1996 WL 374187, at *1-2).

Plaintiff has failed to show the ALJ harmfully erred at step two. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). Regarding learning disorder, Plaintiff's counsel conceded there was no diagnosis of learning disorder in the record. AR at 35. Plaintiff points to evidence of limited intellectual functioning, but no diagnoses or medical findings specific to learning disorder. (Dkt. # 13 at 3-6.) Similarly, regarding anxiety and psychosis, Plaintiff's counsel points to no diagnoses or

ORDER - 4

medical findings specific to these alleged conditions. (*Id.* at 6-9.) And Plaintiff conceded at the hearing that she was not claiming disability because of physical issues. (AR at 40.) Plaintiff has thus failed to show the ALJ erred in not finding learning disorder, anxiety, psychosis, and her physical issues medically determinable impairments.

Furthermore, the step-two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048-49. At the RFC phase, the ALJ must consider the claimant's limitations from all impairments, including those that are not severe. *Id.* at 1049. "The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis omitted). Thus, a claimant cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the non-severe impairment when considering the claimant's RFC. *Id.* (citing *Molina*, 674 F.3d at 1115).

Here, the ALJ considered the evidence regarding limitations in Plaintiff's mental functioning. The ALJ further discussed evidence of Plaintiff's physical functioning in finding no severe physical impairments at step two. Plaintiff has not identified any evidence the ALJ erroneously rejected or ignored. Plaintiff has therefore failed to show the ALJ harmfully erred at step two.

**B.   The ALJ Did Not Err at Step Three in Finding Plaintiff Had No Impairment or Combination of Impairments That Met a Listing**

Plaintiff contends the ALJ erred by finding Plaintiff did not have any impairment or combination of impairments that met a listing under 20 C.F.R. 404, Subpart P, Appendix 1 (the "Listings"). (Dkt. # 13 at 9-13.) Plaintiff points to medical providers' findings of marked and severe limitations based on depression, learning disorder, personality disorder, anxiety, and

psychosis. (*Id.*) This argument ignores the Court's standard of review. The Court reviews the ALJ's decision for substantial evidentiary support, and may not reweigh the evidence. *Thomas*, 278 F.3d at 954. If the ALJ's interpretation is rational, it must be upheld. *Id.* Plaintiff has made no showing here that the ALJ's determination was irrational, as Plaintiff has not challenged the ALJ's acceptance or rejection of any specific evidence. *Cf. Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (holding the Court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief") (internal quotation marks and citation omitted). Plaintiff has therefore failed to show the ALJ harmfully erred at step three in finding Plaintiff did not meet any Listings.

### C. The ALJ Did Not Err in Determining Plaintiff's RFC

Plaintiff contends the ALJ erred in determining her RFC. (Dkt. # 13 at 13-15.) Plaintiff first alleges the ALJ erred by finding she could perform the full range of work at all exertional levels. (*Id.* at 13-14.) Plaintiff presents her interpretation of her abilities, and argues it "defies common sense" that she could perform work at the highest exertional level. (*Id.* at 13.) But Plaintiff does not identify any evidence the ALJ erroneously interpreted.[3] Moreover, the jobs the ALJ identified as ones Plaintiff could perform were all at the medium exertional level, so any error in finding Plaintiff could work at the highest exertional level is harmless. *See Molina*, 674 F.3d at 1115.

Plaintiff next argues the ALJ erred because Plaintiff was limited in her understanding, memory, ability to follow instructions, ability to perform routine tasks, ability to adapt to workplace changes, and ability to interact with the general public. (Dkt. # 13 at 14-15.) Plaintiff

---

[3] Plaintiff asserts in the context of her step two argument that the ALJ erred by rejecting the opinions of John Coe, D.O. (Dkt. # 13 at 6.) But Plaintiff does not identify any errors in the ALJ's reasoning, and thus has failed to show harmful error. *See Carmickle*, 533 F.3d at 1161 n.2.

ORDER - 6

relies on findings from Haley Gross of the Washington State Division of Vocational Rehabilitation and Alysa Ruddell, Ph.D. (*Id.*) Plaintiff summarizes statements in Ms. Gross's report and claims they are her observations of Plaintiff's cognitive and social abilities. (*Id.*) But there is no indication the medical opinions stated in the report are based on the observations of Ms. Gross, who is a vocational department staff member. AR at 379-80; *see id.* at 384 ("Psychological/Psychiatric Evaluation received"). Plaintiff fails to show how the ALJ's weighing or interpretation of the evidence is irrational. Again, the question before the Court is not whether specific evidence is persuasive to the Court, but whether the ALJ interpreted the overall evidence in a reasonable way. *See Thomas*, 278 F.3d at 954.

As to Dr. Ruddell, the ALJ rejected her opinions, so he had no obligation to incorporate them into the RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). On reply, Plaintiff argues the ALJ erred by rejecting Dr. Ruddell's opinions based on the finding that they predated the alleged disability onset date. (Dkt. # 15 at 6.) Even accepting that this was an error, the ALJ also rejected Dr. Ruddell's opinions because the ALJ found the evidence showed Plaintiff's conditions were "adequately controlled with medications." AR at 20. Plaintiff did not challenge this reason, and thus failed to show the ALJ harmfully erred in rejecting Dr. Ruddell's opinions. *See Molina*, 674 F.3d at 1115 ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion.") (internal quotation marks and citation omitted). Plaintiff has further failed to show the ALJ harmfully erred in assessing Plaintiff's RFC.

D. **The ALJ Did Not Err at Step Five in Finding Plaintiff Could Perform Jobs That Exist in Significant Numbers in the National Economy**

Plaintiff contends the ALJ erred by finding there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Dkt. # 13 at 15-17.) Plaintiff

makes two basic arguments. First, Plaintiff argues she could only perform work at the light exertional level, but the jobs the ALJ identified were at the medium exertional level. (*Id.* at 16.) Plaintiff relies on her prior argument that the RFC was erroneous. (*Id.*) As the Court found Plaintiff failed to show the ALJ harmfully erred in assessing the RFC, Plaintiff's argument here fails. *See supra* Part IV.C.

Second, Plaintiff argues she should be found disabled under the Medical-Vocational Guidelines based on her age, educational experience, and RFC. (Dkt. # 13 at 16-17.) Her argument here depends on her argument that Plaintiff could only perform work at the light exertional level. (*Id.*) Again, Plaintiff failed to show the ALJ harmfully erred in assessing the RFC, so Plaintiff's argument fails. Plaintiff has thus failed to show the ALJ harmfully erred in finding she could perform jobs that exist in significant numbers in the national economy.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 20th day of December, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8